TYMKOVICH, Chief Judge, concurring.
The panel decision recognizes that under § 2254(d)(2) we may not grant relief unless a state court's determination "was based on an unreasonable determination of facts." 28 U.S.C. § 2254(d)(2). I write separately because I would flesh out this language in accordance with Supreme Court precedent. I would clarify that we may not grant a writ unless "all fairminded jurists would agree" that the state court's factual determination was incorrect. See Frost v. Pryor , 749 F.3d 1212, 1225 (10th Cir. 2014) ; Harrington v. Richter , 562 U.S. 86, 101, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011).
I realize neither this circuit nor the Supreme Court has explicitly used the phrase "fairminded jurist" when defining what qualifies as an unreasonable factual determination under § 2254(d)(2). Rather, both rely on the phrase to define what constitutes an unreasonable application of federal law under § 2254(d)(1). See Richter , 562 U.S. at 101, 131 S.Ct. 770 ; Frost , 749 F.3d at 1225.
*889 In my view, however, the "fairminded jurist" language from Richter illuminates the meaning of "unreasonable" in both §§ 2254(d)(1) and (d)(2). That is, just as a state court's application of federal law qualifies as "unreasonable" under § 2254(d)(1) only if no fairminded jurists could conclude the application correctly applied with federal law, Richter , 562 U.S. at 101, 131 S.Ct. 770, a state court's factual determination likewise qualifies as "unreasonable" under § 2254(d)(2) only if no fairminded jurist could conclude the determination was, in fact, correct.
Supreme Court precedent supports this rule. Brumfield v. Cain explained that a state court's factual determination is not unreasonable simply because "reasonable minds reviewing the record might disagree about the [factual] finding in question." --- U.S. ----, 135 S.Ct. 2269, 2277, 192 L.Ed.2d 356 (2015). If reasonable minds differing about the correctness of a factual finding does not render a factual determination unreasonable, it follows that what does render a factual finding unreasonable is the fact that no reasonable person-or, put differently, no "fairminded jurist"-could agree with it. I would therefore make this explicit in the panel decision.